(86 South. 144)

HARRIS v. STATE. (4 Div. 642.)

(Court of Appeals of Alabama. June 29,
1920.)

1. WITNESSES ⊜⟹245—WHETHER REPETITION
OF QUESTION SHOULD BE ALLOWED VESTED
IN DISCRETION OF COURT.

In a prosecution for manufacturing prohib-
ited liquors, it was in the discretion of the trial
court to permit a witness to be asked a second
time if defendant's wife was washing or scour-
ing when he got to defendant's house.

2. CRIMINAL LAW ⊜⟹696(5)—MOTION TO EX-
CLUDE TESTIMONY PROPERLY OVERRULED,
WHERE QUESTIONS NOT OBJECTED TO.

In a prosecution for manufacturing prohib-
ited liquors, where a deputy sheriff testified
that after defendant fled he went back to his
house and destroyed a complete still, and there-
after the state asked what he found there, and
the sheriff answered, "A complete stilling out-
fit," defendant's motion to exclude such answer
was properly overruled; it being already in
without objection, and no objection having
been made to the second question.

3. CRIMINAL LAW ⊜⟹656(2) — COURT'S RE-
MARKS ON EXAMINATION OF WITNESS HELD
PROPER.

In a prosecution for manufacturing prohib-
ited liquors, action of the trial judge, on ques-

tion to a witness for the state, in asserting
that he had answered and need not answer any
more, and in questioning the witness as to
what he would have testified to, held within
the judge's province.

4. CRIMINAL LAW ⊜⟹419, 420(11)—CONVER-
SATIONS BETWEEN SHERIFF AND DEFEND-
ANT'S WIFE HEARSAY.

In a prosecution for maufacturing prohib-
ited liquors, evidence as to conversations be-
tween a witness, a deputy sheriff, and defend-
ant's wife was inadmissible as hearsay.

5. INTOXICATING LIQUORS ⊜⟹226—DEFEND-
ANT'S DUTY AS TO SLOPPING ANOTHER'S
HOGS IMMATERIAL.

In a prosecution for manufacturing prohib-
ited liquors, defendant's duty in connection
with slopping another person's hogs was im-
material.

Appeal from Circuit Court, Houston Coun-
ty; H. A. Pearce, Judge.

Walter Harris was convicted of manufac-
turing prohibited liquors, and he appeals.
Affirmed as to conviction, and remanded for
proper sentence.

Lee & Tompkins, of Dothan, for appellant.

Counsel discuss the evidence and insist
that under the Braxton Case, ante, p. 167,
82 South. 657, the corpus delicti was not
made out. The action of the court in inter-
rogating. the witness was improper, and
should work a reversal. 158 Ala. 539, 48
South. 553, 132 Am. St. Rep. 38.

J. Q. Smith, Atty. Gen., for the State.
No brief reached the Reporter.

MERRITT, J. The defendant was indict-
ed, tried, and convicted for making, manufac-
turing, or distilling alcoholic or spirituous
liquors, subsequent to January 25, 1919.

[1, 2] It was in the discretion of the trial
court to permit the witness Adams to be ask-
ed and to answer. a second time: "The wo-
man (defendant's wife) was washing or scour-
ing when you got to defendant's house?"
The witness Watford, a deputy sheriff, aft-
er stating that the defendant fled when he
went to his home, and that he ran after him,
was then asked by the solicitor: "Well, did
you go back to this defendant's house?"
The witness answered: "Yes, sir; later on.
We destroyed a complete still there." The
state asked the following question: "What
did you find there?" The witness answered:
"A complete stilling outfit." The defendant
moved to exclude the answer. The court did
not commit any reversible error in overrul-
ing the motion. The answer was already in
without objection, and then no objection was
made to the question which elicited the an-
swer the second time. .

---

[3] The witness Watford, on cross-examination, stated that he did not go out to the defendant's home because one Sam Williams had informed him to do so, but that the sheriff gave him the information. When this question was asked again, the court said: "He answered that, and he need not answer that question any more." The defendant excepted to the court's statement that the witness was not to answer. Defendant's counsel asked the question again, and stated to the court, that, if allowed to answer, the witness would state that Sam Williams brought the information that caused him to go out there. The court then said to the witness: "Will you make that statement?" And after some further colloquy between counsel and the state, the witness said: "No. If I was allowed to answer, I would not answer that Sam Williams brought the information which caused me to go out there." It appears to us that defendant's counsel was under an honest misapprehension as to what the witness would say, because clearly from his answer every time he did not state what counsel seem to think his answer would be. We cannot agree with counsel that this action of the trial judge was prejudicial to the defendant. Coming just as it did, it may have been better left unsaid, but the trial judge was clearly in his province to question the witness, and we cannot think it was prejudicial to the defendant.

[4] The objection by the state to the conversation between the witness Watford and defendant's wife was properly sustained. This was hearsay, and otherwise objectionable.

[5] It was clearly immaterial as to what defendant's duty was in connection with attending to slopping John Mathis' hogs, and the objection thereto was properly overruled.

There was no request on the part of the defendant for the affirmative charge, no motion was made to set aside the verdict and grant the defendant a new trial, and this cause is before us for consideration on the record, and on the ruling of the court on the introduction and exclusion of testimony; and, while defendant's counsel insist that the corpus delicti was not proven, there appears to be no way that this question is presented for our consideration. However, we may not be impressed with the weight of the testimony in this case, yet there were sufficient facts and circumstances proven in this case from which the jury might legally infer that the offense had beeen committed.

The judgment of conviction is affirmed, but the case is remanded for proper sentence, as is provided under what is known as the Indeterminate Sentence Act. Acts 1919, p. 148.

Judgment of conviction affirmed; remanded for proper sentence.